UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Guangzhou Liyuan Technology Co., Ltd., *Plaintiff*, v. Arthur Chao-Chung Wu, *Defendant*. | Case No. 2:26-cv-157 <br><br> **Complaint for Declaratory Judgment** <br><br> **Jury Trial Demand** |

**COMPLAINT**

This is an action brought under the Declaratory Judgment Act by Plaintiff Guangzhou Liyuan Technology Co., Ltd. d/b/a OGERY-Camping ("Plaintiff"), against Defendant Arthur Chao-Chung Wu ("Defendant"), seeking a declaration that Plaintiff's camping string light products (the "Accused Products") do not infringe U.S. Patent No. 12,281,764 B2 ("the '764 Patent"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

**NATURE OF THE ACTION**

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

1. This action seeks Declaratory Judgment of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the United States Patent Laws, 35 U.S.C. § 101 *et seq*. Defendant's actions have caused and continue to cause significant harm to Plaintiff, as the Accused Products were removed from Amazon through enforcement of the '764 Patent.

**PARTIES**

2. Plaintiff Guangzhou Liyuan Technology Co., Ltd. is a company organized under the laws of the People's Republic of China, with a principal place of business located at Guangzhou City, Guangdong Province, China.

3. Upon information and belief, Defendant Arthur Chao-Chung Wu is an individual residing at 793 Looking Bear Ct., Las Vegas, Nevada 89178, United States.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

5. An actual case or controversy exists between the parties. Defendant caused Amazon to take enforcement action against Plaintiff's listings (ASINs: B0F4KVR6TN, B0DGQ3CWS5, B0FGJ4S77X, B0F53ZTYFZ, B0DGPZ76G3, B0D5HTW1NB) based on a patent-infringement report identifying the asserted IP as U.S. Patent No. 12,281,764.  As a result, Amazon removed and suppressed Plaintiff's listings, materially disrupting Plaintiff's sales of the Accused Products. Defendant's enforcement activities, coupled with Amazon's enforcement mechanisms, continue to place Plaintiff's listings and Plaintiff's ability to sell the Accused Products under an ongoing threat of renewed removal or suppression, thereby creating a continuing cloud over Plaintiff's U.S. business and an actual controversy under 28 U.S.C. § 2201 et seq.

6. This Court has specific personal jurisdiction over Defendant at least because Defendant purposefully directed patent-enforcement activities into this District by initiating and prosecuting an Amazon patent-enforcement proceeding against Plaintiff's accused Amazon listing, which foreseeably caused enforcement communications and actions by Amazon personnel located in Seattle, Washington, including removal of Plaintiff's listing and disruption of Plaintiff's sales. Such extra-judicial enforcement efforts aimed at causing marketplace takedowns within the forum constitute purposeful direction sufficient for specific jurisdiction. See, e.g., *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884–86 (Fed. Cir. 2008). Each claim arises directly out of Defendant's enforcement conduct directed at this forum, establishing minimum contacts consistent with Washington's long-arm statute, RCW 4.28.185, and due process.

7. For the same reasons, venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action took place within this District.

## THE FACTUAL BACKGROUND

8. Plaintiff designs, sources, and sells camping string light products on Amazon.com and other ecommerce channels. Plaintiff has invested substantial resources in developing its listings, inventory, and customer relationships.

9. On January 14, 2026, Amazon issued Plaintiff a policy warning and notified Plaintiff that it had removed Plaintiff's listings for ASINs: B0F4KVR6TN, B0DGQ3CWS5, B0FGJ4S77X, B0F53ZTYFZ, B0DGPZ76G3, B0D5HTW1NB based on a report alleging patent infringement, identifying the asserted IP as "12281764." Amazon's notice further identified: Infringement type: Patent; Complaint ID: 19275626891; Rights owner email: isabel@galliumlaw.com. Amazon explained that it removed the listings because it "received a

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

report from a rights owner alleging they may infringe upon their patent," and advised that Plaintiff could contest the action through Amazon's appeal process. *See* **Exhibit B**.

10. Plaintiff disputes Defendant's allegations and denies that the Accused Products infringe the '764 Patent.

11. Defendant's infringement report and Amazon's resulting enforcement action caused immediate and concrete harm to Plaintiff, including lost sales (and chilled prospective sales), damage to goodwill, disruption to inventory and advertising planning, and diversion of resources to address the complaint and appeal.

12. Amazon is Plaintiff's primary sales channel in the United States for the Accused Products. To remain competitive, Plaintiff must maintain its product listings on Amazon. Defendant's enforcement conduct has already resulted in marketplace removal of Plaintiff's listings, disrupting Plaintiff's access to its most significant channel of trade and causing harm that is not readily quantifiable in damages.

### The '764 PATENT

13. The '764 Patent was filed on September 20, 2024, and issued on April 22, 2025. A true and correct copy of the '764 Patent is attached hereto as **Exhibit A**.

14. The '764 Patent is entitled "Convertible light device" and generally discloses a convertible light device comprising a device housing, a battery pack removably coupled to the housing, and an elongate flexible light source detachably coupled to the device housing and electrically coupled to the battery pack, where the elongate flexible light source comprises a plurality of LEDs.

15. The '764 Patent has two independent claims and eighteen dependent claims.

16. Upon information and belief, Defendant is the owner of the '764 Patent.

# COUNT I
### (Declaratory Judgment of Non-Infringement of the '764 Patent)

17. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

18. An actual, continuing, and justiciable controversy exists between Plaintiff and Defendant concerning whether Plaintiff's Accused Products infringe the '764 Patent, as evidenced by Defendant's enforcement activities directed to Plaintiff and Plaintiff's listing, as set forth above. A judicial declaration is necessary to determine the parties' respective rights with respect to the '764 Patent.

19. The prosecution history of the parent application, including Office Action(s) and the applicant's amendments to the specification and drawings, confirms that "lantern mode" is consistently disclosed as an external wound-and-emitting configuration in which the flexible rope light is wrapped around the exterior of the device housing to emit light in a concentrated region, as illustrated in Figure 1B of the specification. During prosecution, the applicant repeatedly amended the specification while expressly stating that no new matter was introduced, yet never expanded the disclosure of "lantern mode" to encompass a configuration in which the rope light is merely retracted within the housing and emits light internally. *See* **Exhibit C**.

20. Plaintiff's Accused Products do not infringe the '764 Patent because they do not practice one or more limitations of the asserted claims of the '764 Patent, either literally or under the doctrine of equivalents. *See* **Exhibit D**.

21. Claim 1 of the '764 Patent recites, inter alia, a device configured to convert between a rope mode and a lantern mode, "wherein in the lantern mode, the rope light is retracted to define a concentrated area of light." This limitation is result-oriented and requires that the retraction of the rope light produce the claimed optical result, namely, a concentrated area of light. Plaintiff's

Accused Products do not satisfy this limitation. In the Accused Products, when the rope light is retracted, it is wound around an internal hub and stowed within an internal cavity for storage, and the rope light continues to emit light along its length, resulting in distributed illumination rather than a concentrated area of light. The Accused Products lack any optical structures—such as reflectors, lenses, or enclosures, configured to collect or focus light into a localized illumination area. At least this express limitation is therefore absent and Claim 1 cannot be met under the all-elements rule.

22. Doctrine of Equivalents does not apply. Claim 1 requires retraction to define a concentrated area of light, whereas the Accused Products merely retract the rope light for storage without producing any lantern-style or localized illumination. Treating distributed, linear illumination from a stowed rope light as equivalent to defining a concentrated area of light would improperly eliminate the claim's express result-oriented limitation and vitiate the requirement that retraction achieve the claimed lighting effect, contrary to the all-elements rule.

23. Claim 14 of the '764 Patent likewise is not infringed. Claim 14 requires that "in the lantern mode, the rope light is retracted within the housing." This limitation is tied to a functional operating mode—the lantern mode—not merely to a physical storage configuration. The specification describes and illustrates the lantern mode as a mode of operation in which the rope light is arranged to provide lantern-style illumination, including embodiments where the rope light is wrapped around the exterior of the device housing (*see, e.g.*, '764 Patent ¶ 51; Fig. 1B). Nothing in the specification equates the lantern mode with a configuration in which the rope light is merely retracted or stowed within the housing. The Accused Products do not operate in such a lantern mode; any internal retraction of the rope light serves a storage function only. Accordingly, Claim

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

14 is not met. At a minimum, the Accused Products do not operate in the claimed lantern mode as that term is used in the '764 Patent, and Plaintiff is entitled to a declaration of non-infringement.

24. Because independent Claims 1 and 14 are not infringed, the Accused Products likewise do not infringe any dependent claims of the '764 Patent that incorporate the limitations of those independent claims. In any event, additional limitations of certain dependent claims are also absent from the Accused Products.

25. Plaintiff also does not indirectly infringe any claim of the '764 Patent. Plaintiff has not induced infringement because it has not encouraged, instructed, or intended that any customer practice every element of any asserted claim. Nor does Plaintiff contributorily infringe under 35 U.S.C. § 271(c) because the Accused Products are staple articles of commerce with substantial non-infringing uses and are not especially made or adapted for use in any patented combination.

26. Defendant's baseless assertions of infringement have caused, and continue to cause, immediate and irreparable harm to Plaintiff, including by disrupting Plaintiff's business and interfering with Plaintiff's ability to sell the Accused Products.

27. A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding Plaintiff's non-infringement of the '764 Patent.

28. Plaintiff seeks a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the Patent Laws of the United States, 35 U.S.C. § 101 et seq., that Plaintiff's Accused Products do not infringe the '764 Patent.

29. Plaintiff is also entitled to recover damages caused by Defendant's unlawful conduct as may be proven at trial and as permitted by applicable law.

**COUNT II**
**(Declaratory Judgment of Invalidity of the '764 Patent)**

30. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

**A. Invalidity Under 35 U.S.C. § 112(a)**

31. Claims 1 and 14 of the '764 Patent are invalid under 35 U.S.C. § 112(a) for lack of adequate written description. Although the '764 Patent claims a "lantern mode" in which the rope light is "retracted within the housing," the specification does not reasonably convey to a person of ordinary skill in the art that the inventors possessed such a configuration at the time of filing.

32. The specification consistently describes the lantern mode as a configuration in which the elongate flexible light source is arranged to provide lantern-style illumination by wrapping around the exterior of the device housing, thereby emitting light from a concentrated area. *See, e.g.*, '764 Patent ¶ 51; Fig. 1B. No embodiment, figure, or description discloses or suggests a lantern mode achieved by merely retracting or stowing the rope light entirely within the housing.

33. By contrast, Claims 1 and 14 of the '764 Patent recite lantern-mode configurations that are materially broader than, and inconsistent with, the specification's disclosed embodiments. The claims thus impermissibly extend the scope of the invention beyond what the inventors actually described and possessed, rendering the claims invalid for lack of written description.

34. The improper expansion of claim scope is particularly evident given that the '764 Patent is a continuation of U.S. Patent No. 11,859,783, whose claims and prosecution history tied the lantern mode to an exterior wrap-around configuration that produces concentrated illumination. The '764 Patent's attempt to recapture undisclosed internal retraction configurations constitutes impermissible claim broadening unsupported by the original disclosure.

**B. Invalidity Under 35 U.S.C. § 103**

35. Claims 1 and 14 of the '764 Patent are invalid under 35 U.S.C. § 103 because the claimed subject matter would have been obvious to a person of ordinary skill in the art ("POSITA") at the time of the alleged invention in view of the prior art and the common knowledge in the field of portable lighting devices.

36. WO Patent Publication No. 2019/156973 A1 to Jeong et al. ("Jeong") discloses, inter alia, a portable lighting device incorporating an elongate flexible light source that may be selectively extended for distributed illumination and gathered into a more compact configuration for localized lighting. Jeong further teaches a device housing, a flexible rope or string light coupled to the housing, and user-selectable configurations or modes corresponding to different lighting arrangements. *See* **Exhibit E**.

37. Prior to the priority date, publicly available products and publications disclosed compact lighting devices incorporating elongate flexible string or rope lights coupled to a housing and selectively deployable and retractable to provide different lighting configurations. Combining such familiar elements according to known methods would have been a routine and predictable design choice for a POSITA, rendering the asserted claims obvious under 35 U.S.C. § 103.

38. Jeong discloses each material limitation of Claims 1 and 14 of the '764 Patent, including: (i) a device housing; (ii) a flexible rope or string light coupled to the housing; and (iii) configurations in which the flexible light source transitions between an extended illumination configuration and a compact configuration associated with localized lighting. Any minor differences between Jeong and the asserted claims relate only to predictable variations in how the flexible light source is stored or arranged relative to the housing.

39. Prior to the priority date, it was well known in the art of portable lighting devices to provide elongate flexible light sources that could be selectively extended for distributed

illumination and gathered, wrapped, or retracted into a compact configuration for storage or alternative lighting effects. Such design choices, including whether a flexible light source is gathered externally around a housing or stored internally within a housing, were routine engineering alternatives that yielded predictable results.

40. A POSITA would have been motivated to apply these well-known design alternatives to the device disclosed in Jeong to arrive at the subject matter of Claims 1 and 14 of the '764 Patent. Doing so would have involved no more than the predictable use of prior art elements according to their established functions, namely, selectively deploying a flexible light source from a housing for extended illumination and gathering that light source into a compact configuration for storage and/or localized illumination.

41. Any alleged distinction between the asserted claims and the prior art, such as whether the flexible light source is gathered externally around a housing or retracted internally within a housing, represents a routine design choice involving known alternatives for light storage and deployment. Such variations do not change the basic function of the device, produce no unexpected results, and do not confer patentable significance.

42. Accordingly, Claims 1 and 14 of the '764 Patent would have been obvious to a person of ordinary skill in the art in view of Jeong and the common knowledge in the field of portable lighting devices, and are therefore invalid under 35 U.S.C. § 103.

43. The dependent claims of the '764 Patent are likewise invalid because they incorporate the limitations of Claims 1 and 14 and add only conventional and obvious features, such as routine structural arrangements, attachment mechanisms, or configuration options, that were well known in the art and would have been obvious to a POSITA at the relevant time.

**C. Invalidity Under 35 U.S.C. § 112(b)**

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

44. Claims 1 and 14 are further invalid under 35 U.S.C. § 112(b) because the term "lantern mode" lacks reasonable certainty. The claims fail to inform, with reasonable certainty, whether lantern mode refers to a functional lighting result, a structural configuration, or both, particularly in light of the specification's inconsistent treatment of internal and external rope-light arrangements.

45. A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding the validity of the '764 Patent.

46. Plaintiff seeks a declaratory judgment that the claims of the '764 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

47. Plaintiff is also entitled to recover damages caused by Defendant's unlawful conduct as may be proven at trial and as permitted by applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For judgment in favor of Plaintiff against Defendant on all claims.

B. Declaring that Plaintiff's Accused Products do not infringe any claim of the '764 Patent;

C. A finding that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C. § 285;

D. Awarding Plaintiff damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

E. Awarding Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

F.  Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages;

G.  Awarding pre- and post- judgment interest; and

H.  Awarding Plaintiff such other and further relief as this Court deems is just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Date: January 15, 2026

By: /s/ *Ruoting Men*
Ruoting Men, Esq. (WSBA No. 63842)
GLACIER LAW LLP
506 SECOND AVENUE, SUITE 1516
SEATTLE, WA 98104
Ruoting.men@glacier.law
Tel: +1 (212)729-5049

***Counsel for Plaintiff***