UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GUANGZHOU LIYUAN TECHNOLOGY CO LTD,<br><br>              Plaintiff,<br><br>    v.<br><br>ARTHUR CHAO-CHUNG WU,<br><br>        Defendant. | CASE NO. 2:26-cv-00157-JHC<br><br>ORDER |

# I

## INTRODUCTION

This matter comes before the court on Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction.  Dkt. # 5.  Plaintiff asks the Court to enjoin Defendant from enforcing U.S. Patent No. 12,281,764 B2, which has led to the removal of Plaintiff's products from Amazon.com.  *Id.* at 7.

For the reasons below, the Court DENIES Plaintiff's motion.

# II

## BACKGROUND

This matter concerns patent enforcement of U.S. Patent No. 12,281,764 B2 ("Patent '764"), which Defendant owns.  Dkt. # 5 at 3-4.  Patent '764 is for a "convertible light device."

ORDER - 1

*Id.* Plaintiff is a retailer of camping string lights and primarily serves the U.S. market through Amazon.com ("Amazon"). *Id.* On January 14, 2026, Plaintiff received a notice from Amazon that their products would be delisted due to Defendant's complaint of patent infringement. *Id*. Amazon provided an internal appeal of this decision, and Plaintiff's efforts with such an appeal have failed. *Id*.

Plaintiff filed his complaint on January 15, 2026, and this motion on January 30, 2026. Dkt. ## 1, 5. For now, there is no attorney of record for Defendant. *See generally* Dkt. # 5 at 36. Plaintiff's attorney certifies that they have attempted to provide notice to Defendant's attorney; however, at this time, it is unclear if that was received. *Id.*

### III
#### DISCUSSION

A.    Legal Standard

To obtain a temporary restraining order (TRO), a plaintiff must show that (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of" a TRO; (3) "the balance of equities tips in [their] favor"; and (4) a TRO "is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)) (called the *Winter* factors); *see also Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed.Cir.2001). The Ninth Circuit employs a "sliding scale" approach, under which the four elements are balanced "so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The Federal Circuit has suggested, "[o]ur case law and logic both require that a movant cannot be granted a preliminary injunction

ORDER - 2

unless it establishes both of the first two factors, i.e., likelihood of success on the merits and irreparable harm." *Amazon.com, Inc.*, 239 F.3d at 1350.[1]

In the context of a TRO, "monetary injury is not normally considered irreparable[.]" *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1188 (9th Cir. 2022) (citation modified); *see also Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("The possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm."). But "[r]eputational harm and loss of goodwill can be irreparable harm . . . [as] can threatened loss of prospective customers." *Beyond Blond Prods., LLC, v. Heldman*, 479 F. Supp. 3d 874, 888 (C.D. Cal. 2020).

Finally, "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006); *see also* LCR 65(b)(1) (issuance of TRO without notice disfavored).

B.      Application to Plaintiff's motion for TRO

Plaintiff does not show a likelihood of success on the merits. "[A] patent is presumed valid, and proof of its invalidity requires 'clear and convincing' evidence. *Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 829 (Fed. Cir. 1991). This presumption of validity exists "during preliminary injunction proceedings as at other stages of litigation." *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1377 (Fed. Cir. 2009).

At this preliminary stage, no such clear and convincing evidence has been presented. The motion includes hundreds of pages of exhibits, but to the extent that this evidence shows anything it is only that there is a dispute over if Patent '764's construction is overbroad.

---

[1] The Court is guided by the law of the United States Court of Appeals for the Federal Circuit when a preliminary injunction rests on substantive patent law issues. *Hybritech Inc. v. Abbott Lab'ys*, 849 F.2d 1446, 1451 n.12 (Fed. Cir. 1988).

ORDER - 3

Plaintiffs misunderstand their burden. *See* Dkt. # 5 at 11, 21 ("Plaintiff need only raise a substantial question of validity sufficient to defeat Defendant's showing of likely success on the merits," citing cases in which it was the patent holder moving for a preliminary injunction). As moving parties, it is *Plaintiff*, not Defendant, who must prove a likelihood of success on the merits and with the present showing that has not been done. *See Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1555 (Fed.Cir.1994) ("The burden is always on the movant to show entitlement to a preliminary injunction."). Plaintiff's infringement argument fails for the same reason. *See* Dkt. # 5 at 12 ("Defendant cannot establish a likelihood of success and, at minimum, serious questions exist as to infringement.").

To the second *Winter* factor, the primary harm alleged is mostly monetary. *See* Dkt. # 5 at 38-32. Regarding Plaintiff's speculations as to a lowered market placement and loss of customers due to the de-listing, is unclear that this could not be calculated as monetary damages.

Given the foregoing, the Court need not address the other *Winter* factors. *See Winter*, 555 U.S. at 20; *All. for the Wild Rockies*, 632 F.3d at 1135 (*Winter* requires a plaintiff to make a showing on all of the *Winter* factors).

**IV**

**CONCLUSION**

For the above reasons, the Court DENIES the motion.

Dated this 30th day of January, 2026.

John H. Chun
United States District Judge

ORDER - 4